## CHARLES WHITE *vs.* WILLIAM W. RICE.

Those creditors of an insolvent debtor, whose claims accrued before the passage of the statutes creating a right of homestead, are entitled to have the whole amount which has been realized by the assignee from the sale of the right of homestead, applied towards the payment of their claims, in priority to the general creditors, and to take a dividend with the other creditors for the balance of their claims, if any. And the amount realized from the sale of the reversionary interest in the land, after the expiration of the right of homestead, is to be distributed among the general creditors.

PETITION, alleging that the respondent is the assignee of John P. Southgate, an insolvent debtor; that Southgate was entitled

to a right of homestead under *St.* 1855, *c.* 238; that the peti-
tioner proved claims, amounting to $1821.94, against his estate,
which were contracted before the passage of that statute; that
all the other claims which were proved against his estate were
contracted since the passage of that statute; that the respondent
had taken and sold the real estate held by Southgate as a home-
stead, and charged himself with the avails thereof; and that the
petitioner applied to the judge of insolvency to have the avails
of said sale, to the amount of $800, applied in reduction of his
claims, and to be allowed to receive a dividend for the balance,
with the other creditors, which the judge refused to order. The
respondent admitted that the facts set forth in the petition were
true.

The questions arising upon the petition and answer were re-
served, by the chief justice, for the determination of the whole
court.

*T. L. Nelson,* (*D. Foster* with him,) for the petitioner.

*W. W. Rice, pro se.*

DEWEY, J.*  The *St.* of 1855, *c.* 238, § 1, has exempted from
sale or levy on execution, to the value of $800, the homestead
farm, or the lot and building thereon, occupied as a residence
and owned by a debtor. But by a further provision, in § 3,
such exemption was not to have effect, as against any debt con-
tracted previous to the passage of the act.

As this homestead right could not have been lawfully con-
veyed by the debtor, or taken on execution upon a judgment
against him for any debts contracted after the passage of the
statute, the assignment of the estate of the insolvent debtor
would not have passed the homestead estate to the assignee for
the benefit of such creditors. It is solely by reason of the debt
to the petitioner, which was contracted before the passage of
the statute, that the assignee acquires any rights paramount to
that of the homestead. That the mere fact of such a preëx-
isting debt carries the entire homestead into the hands of the
assignee, for distribution among all the creditors of the insolvent,

---

* This case was decided before the case of *Smith v. Provin,* 4 Allen, 516.

without regard to the homestead estate, certainly is not true. The case of *Clark* v. *Potter*, 13 Gray, 21, is directly to the contrary, holding, as it does, that, in case the preëxisting debt is to an amount less than $800, after setting off enough to secure the payment of the actual debt having priority, the insolvent has a right to retain the residue ; that is, he is entitled, although his estate is in the hands of an assignee in insolvency, to have set off to him a homestead of the value of $800, deducting the amount of such prior debts.

If, then, the debts due to prior creditors exhaust the whole homestead interest, they should take the same to the exclusion of the subsequent creditors. It is solely through their right that the same passes to the assignee, and only to the extent of such right can he hold the same. The consequence necessarily and properly follows, that the avails of the homestead estate are to be applied in discharge of the claims of the prior creditors exclusively, if required for that purpose.

It is urged, on behalf of the respondent, that the case of *Norton* v. *Norton*, 5 Cush. 530, is adverse to making such distinction between the two classes of creditors. It is true, such distinction was there refused to be made, as to the avails of property fraudulently conveyed by the debtor, when such conveyance had been set aside as fraudulent, against preëxisting creditors. In that case, the whole title failed by reason of fraud. It was as though no conveyance had been made, and the whole estate became assets for general distribution. In the present case, no fraud exists, no conveyance is set aside, but a lien in behalf of a particular class of creditors created by law is enforced for their benefit, and to the extent only of their demands. We think under these circumstances that the prayer of the petitioner to have the proceeds of the sale of the homestead right applied in reduction of his claim, and that for the balance of the indebtedness to him he may receive a *pro rata* dividend with the other creditors, ought to have been granted.

A further question arises as to the extent of the exemption under the homestead act. Is it an exemption of the parcel of land embraced in the homestead, from any attachment,

or conveyance by the debtor? Or is it merely an exemption of the homestead right, that is, the right of the husband and wife to use the same during their joint lives, and, in case the wife should survive, for her benefit and that of her minor children, until the youngest child is twenty-one years of age, and until the marriage or death of the widow? This is the extent of the duration of the homestead right. Gen. Sts. *c.* 104, § 12. And if the exemption goes no further than to exempt this limited estate, then it would be competent for the husband to convey the reversionary right, and equally competent for all creditors to levy an execution on the same; and the assignee of the insolvent would hold the reversion for the benefit of all the creditors, and no priority as to that portion of the estate would exist in behalf of prior creditors.

As already stated, *St.* 1855, *c.* 238, exempts from sale or levy on execution " the homestead farm, or the lot and buildings thereon, occupied as a residence and owned by a debtor." It is under this statute that the exemption in the present case arises. It may be said that the language of the act would seem to exempt the land comprising the homestead from any levy of execution thereon. If so, then nothing passes to the assignee beyond what is held for the benefit of prior creditors. But if the exemption is merely of the estate or interest to the extent of the enjoyment as to him that is secured by the act, the prior creditors are also restricted to that extent.

In the Gen. Sts. *c.* 104, § 1, the language of the exemption clause is somewhat different from that of *St.* 1855, *c.* 238. The term " an estate of homestead " is used. But, as it seems to us, the proper construction of the statutes giving an exemption of a homestead is, that it is a mere exemption of the particular estate created by the statute, and that all existing beyond this as a reversionary interest is subject to attachment by all creditors, and passes into the hands of the assignee for the benefit of the creditors generally, and is to be distributed *pro rata.*

To the extent of the value of the mere homestead interest, the petitioner will enjoy a priority over the subsequent creditors; but the reversionary interest in the homestead lands will be assets for the general creditors.